IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOANNA WILSON, as Independent Administrator of the Estate of AREON J. MARION, Deceased, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 22-cv-06886 |
| COOK COUNTY, ILLINOIS, a unit of local government and d/b/a COOK COUNTY HEALTH AND HOSPITALS SYSTEM and CERMAK HEALTH SERVICES OF COOK COUNTY, YASER HAQ, M.D., STEVE PASCHOS, M.D., MICHAEL BEDNARZ, M.D., AHLEAH C. BALAWENDER PA-C, JASON SPRAGUE, LAUREN CARTWRIGHT, NIKKI RUFFIN, COOK COUNTY SHERIFF, AND OFFICER B. VARGAS 16976, | ) ) ) ) ) ) ) ) ) ) | Hon. Andrea R. Wood |
| Defendants. | ) | |

**JOINT INITIAL STATUS REPORT**

1. **The Nature of the Case**

    A. Attorneys of Record for Each Party

    For Plaintiff:

    James C. Pullos (Lead)
    Clifford Law Offices, P.C.
    120 N. LaSalle St., Suite 6100
    Chicago, IL 60602
    (312) 899-9090
    jcp@cliffordlaw.com

    For Defendant Cook County Illinois, Cook County, Illinois, d/b/a Cook County Health and Hospitals System and Cermak Health Services of Cook County, Yaser Haq, M.D., Steve Paschos, M.D., Ahleah C. Balawender PA-C, Jason Sprague, Lauren Cartwright, Nikki Ruffin (hereafter "Cook County Defendants")

    Mia Buntic, Assistant State's Attorney (Lead)
    Cook County State's Attorney's Office
    50 W. Washington St.

Suite 2760
Chicago, IL 60602
(312) 603-1434
mia.buntic@cookcountyil.gov

For Defendants Sheriff of Cook County and Officer Vargas:

Antonio Lee, Assistant State's Attorney (Lead)
Cook County State's Attorney's Office
50 W. Washington St.
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-5439
antonio.lee@cookcountyil.gov

B. Parties Not Yet Served

The individual Cook County Defendants except for Michael Bednarz, M.D waived service. These defendants do not appear on the court's docket to file an appearance and the parties will contact the clerk in an effort to remedy this issue.

C. Basis for Federal Jurisdiction

This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367. Those state claims subject to supplemental jurisdiction exceed $75,000 because the injury is death.

D. Nature of the Claims Asserted in the Complaint and any Counterclaims

Plaintiff alleges that Defendants were negligent and deliberately indifferent in treating Areon Marion who displayed obvious signs of acute psychosis while in Cook County Department of Corrections, and as a result, Areon Marion hung himself to death. Plaintiff asserted federal and state law claims against Cook County, Illinois, the Cook County Sheriff, and various individuals. Specifically, Plaintiff seeks redress under 42 U.S.C. § 1983 for deprivation of Areon Marion's due process rights (Counts I-VI); state law claims of professional negligence against Cook County medical providers (Counts VII-VIII); state law claims against the Cook County Sheriff and Officer Vargas (Counts IX-XII); and state law claim of indemnification against Cook County, Illinois (Count XIII). Defendants deny these allegations. There are no counterclaims at this time.

E. Major Legal and Factual Issues

i. Whether Defendants acted deliberately indifferent to Areon Marion.

ii. Whether Defendants failed to act with ordinary care and/or willful and wanton in their treatment of Areon Marion.

    iii. Whether all or some of Plaintiff's state law claims are barred by the Local Government and Governmental Tort Immunity Act, 745 ILCS 10/1-101, *et seq*. (Tort Immunity Act).

  F. Relief Sought by the Plaintiff

All damages available under the law including compensatory damages, punitive damages (where available), and attorney's fees and costs.

**2. Case Plan**

  A. Pending Motions

There are no pending motions. The parties also anticipate filing a Motion for Entry of an Agreed Confidentiality Protective Order to protect confidential and private information related to parties and non-parties that will be sought and produced in this matter.

  B. Responses to Complaint

Defendants have answered the complaint.

  C. Discovery Plan

    i. General type of discovery needed subject to Defendants' objections:

- Areon Marion's medical records, audit trails, detainee housing information, health service requests, and autopsy report;

- Last known addresses and/or locations of various detainees at the time of Areon Marion's suicide;

- Defendants' policies and procedures regarding the training and treatment of mental health detainees;

- Defendants' unredacted death investigation report and findings;

- Defendants' detainee health service requests, living unit logs, movement logs, watch commander logs, and employment/staffing rosters;

- Plaintiff seeks all prior complaints, reports, and incidents of detainees committing self-harm, including suicide;

- Relevant non-privileged ESI in Defendants' possession, including email correspondence regarding Areon Marion and his death investigation;

3

- Non-privileged investigative notes, reports, statements, videos, and/or memoranda regarding the death of Areon Marion; and

- Subpoenas to third parties will be issued, including subpoenas to the City of Chicago and Northwestern Memorial Hospital.

ii. The parties anticipate ESI discovery will be produced in digital format and native format for spreadsheets (Excel, etc.).

iii. The parties do not request a protocol for FRCP 502(d) privilege at this time.

iv. The parties will make initial disclosures pursuant to FRCP 26(a)(1) disclosures on March 21, 2023.

v. Fact discovery to be completed by January 31, 2024. This schedule factors in the parties' efforts to complete written discovery and receipt of subpoenaed materials prior to conducting oral discovery.

vi. Expert discovery is anticipated:

- Plaintiffs to disclose their expert(s) by April 8, 2024, and produce for deposition(s) by June 10, 2024.

- Defendants to disclosure their expert(s) by August 12, 2024, and produce for deposition(s) by October 14, 2024.

vii. Plaintiff anticipates needing in excess of ten (10) depositions given the nature of the litigation. The parties shall report any objections to the court if necessary.

viii. The parties shall file dispositive motions by December 16, 2024.

D. The parties have demanded a trial by jury and anticipate that the trial will be 7-10 days in length.

3. **Settlement**

A. The parties anticipate having a discussion about settlement after receiving Plaintiff's settlement demand.

B. The parties will seek a referral for a settlement conference if determined in the future.

4. **Consent to Proceed Before a Magistrate Judge.**

A. The parties do not unanimously agree to proceed before the Magistrate Judge.

Dated: February 28, 2023.

Respectfully submitted,

/s/ James C. Pullos
James C. Pullos
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle St., Suite 3600
Chicago, IL 60602
(312) 899-9090
jcp@cliffordlaw.com
*Attorney for Plaintiff*

/s/ Mia Buntic
Mia Buntic, Assistant State's Attorney
COOK COUNTY STATE'S ATTORNEY'S OFFICE
50 W. Washington St.
Suite 2760
Chicago, IL 60602
(312) 603-1434
mia.buntic@cookcountyil.gov
*Attorney for Cook County Defendants*

/s/ Antonio Lee
Antonio Lee, Assistant State's Attorney
COOK COUNTY STATE'S ATTORNEY'S OFFICE
50 W. Washington St.
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-5439
antonio.lee@cookcountyil.gov
*Attorney for Defendants Sheriff of Cook County and Officer Vargas*

## **CERTIFICATE OF SERVICE**

      I, James C. Pullos, an attorney, hereby certify that on February 28, 2023 I served **JOINT STATUS REPORT** by causing a true and accurate copy of such papers to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

      */s/ James C. Pullos*
James C. Pullos
jcp@cliffordlaw.com
CLIFFORD LAW OFFICES
120 N. LaSalle Street, Suite 3600
Chicago, IL 60602
312.899.9090