

**RECEIVED**

JUL 23 2024 MCP

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Adair Joyner          Case # 22-CV-06886
                      Appeal

I would like to Appeal this case, because the decision was not fair. I requested 1/3 which was more than fair, but I was offered 1/10. I Suffered the loss of my son as well. I have been emotionally stressed out, trying to hold in the pain due to his death  And the dishonesty of Joanna Wilson. She stated I never been there for my son and cared for him as a father should have. But my son and I shared a special father and son bond, Whenever we saw each other, our smiles went from ear to ear. And whenever we talked on the phone I can feel the joy. I love my son just as well as she did . I took good care of my kids and hers as well. She said I don't deserve a third of the settlement, but this is not a one parent decision neither is this a child support case. This is a wrongful death case. Which should be considered equal rights and I've only requested 1/3 and not 1/2  I also think that the case should have been handled in a more honest and appropriate way, but it wasn't.  Joanna Wilson decided she wanted to relocate in Arizona. She took my kids away from me and I suffered day and night as a father.  That took a really big toll on me mentally As well as trying to adjust my living.

During  the hearing, it supposed to have been Joanna  myself and  our witnesses  present in the courtroom . No attorneys were scheduled to be there in the Courtroom during  the hearing but  somehow Joanna  Wilson attorney appeared. When  he was asked who was he stated he was James Pullos and that he was not there to represent the case, but he was there to support. But he was by her side possibly coaching her on what to say/do etc. that was not fair that he was present and I didn't have an attorney present in the courtroom with me.  They stated a fair decision will be made. I later received a email offering a settlement for 1/10 Which I don't agree to  because it's not fair on my behalf. Joanna also mention during the hearing that she hired a private investigator because she didn't know where I live. Which is not true. When they move back to Chicago her and her husband, would drop them off on occasions at my address because at the time my wife and  I shared a vehicle. I have been at this address for the past 16 years.  So I was not hard to find at all.  While preparing and paying for our son's home going Joanna and I Were in the funeral home parking lot. We agreed to get justice and peace for our son and that we will handle matters together as parents . I later get a call from attorney James Pullos Asking if could Sign off. In other words so that she can have the responsibility and handle the case on her own, which I refuse because I disagree. We both are his parents and that was not the discussion we had we both agreed to handle it together. Joanna did otherwise she took it to court lied And said she didn't know my whereabouts. And that's how they got around me not signing the papers Which should have been unlawful as she never even tried to contact me. My address and phone number has been the same. Joanna proceeded with this case, unfairly and dishonest. It hurts me tremendously that she would do such a thing doing this time of our loss. Now I can never get closure because the case has already been won And it cannot be brought back up, so I will never get over this situation for not being there to get closure of knowing why and how My son's life was taken away from him , and it hurts deeply inside.

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF NextGen 1.7.1.1
### Eastern Division

Joanna Wilson

                         Plaintiff,

v.                                       Case No.: 1:22−cv−06886

                                       Honorable Young B. Kim

Cook County, et al.

                         Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, July 12, 2024:

      MINUTE entry before the Honorable Young B. Kim: On December 13, 2023, Plaintiff filed a motion to approve settlement and to approve distribution of funds [60]. The court granted the motion in part on January 30, 2024, to the extent that the court approved the total settlement amount of $1,500,000 and the total fees and costs in the amount of $616,602.78 as fair and reasonable, but entered and continued the remainder of the motion. (R. 66.) Having completed the dependency hearing and considered the evidence, the court now grants the motion to approve distribution of funds [60] in part to the extent that from the settlement funds remaining, Dominic Wilson is entitled to $2,000, Robert Marion is entitled to $2,500, Adair Joyner is entitled to $87,889.72, and Joanna Wilson is entitled to $791,007.50. Enter Memorandum Opinion and Order. The Estate is ordered to distribute the following sums to the following individuals forthwith: (1) $2,000 to Joanna Wilson for the benefit of minor Dominic Wilson; (2) $2,500 to Robert Marion; and (3) $584,431.48 to Joanna Wilson. The Estate is ordered to withhold $294,465.74, which is the sum to which Joyner claims he is entitled, until further order of the court. Joanna Wilson and Joyner have 30 calendar days from today, or August 12, 2024, to file their notice of appeal with the Seventh Circuit Court of Appeals if they wish to challenge the court's ruling on the apportionment of the settlement funds. If they do not wish to challenge the court's ruling, they may file their waivers in writing with the court and the court will direct the Estate to release the remaining funds ($87,889.72 to Joyner and $206,576.02 to Joanna Wilson) as soon as possible and not wait until August 13, 2024, provided that neither party appeals. If either party timely files a notice of appeal, the court will direct the Estate to withhold the remaining funds until the Seventh Circuit rules on the appeal. A copy of this order and the Memorandum Opinion and Order have been emailed to Joyner. Mailed notice (ec)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and

criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOANNA WILSON, as Independent Administrator of the Estate of AREON MARION, Deceased, | ) ) ) | No. 22 CV 6886 |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| COOK COUNTY, ILLINOIS, *et al.*, | ) ) | |
| | ) | July 12, 2024 |
| Defendants. | ) | |

### MEMORANDUM OPINION and ORDER

Plaintiff Joanna Wilson ("Joanna"), as Independent Administrator of the Estate of Areon Marion ("Areon"), filed this wrongful death action against Cook County, Illinois (the "County"), arising out of her son Areon's death while detained at the Cook County Jail ("CCJ"). Before the court is Joanna's Motion to Approve Settlement of Wrongful Death Action and to Approve Distribution of Funds totaling $883,397.22. For the following reasons, the court grants the motion to the extent that the Estate is ordered to distribute $2,000 to Joanna for the benefit of Areon's younger brother, Dominic ("Dominic") Wilson, who is a minor, $2,500 to Areon's older brother Robert Marion ("Robert"), $87,889.72 to Areon's father, Adair Joyner ("Joyner"), and $791,007.50 to Joanna:

### Background

According to Joanna's December 2022 lawsuit, Areon was only 22 years old when he died by suicide on October 31, 2021, while detained at the CCJ. (R. 18, Pl.'s

First Am. Compl. ¶ 1.) The Chicago police arrested Areon on June 1, 2021, and he was later assigned to a psychiatric special care unit at the CCJ to address symptoms of psychosis. (Id. ¶¶ 19-21.) During his months-long detention, Areon moved between the psychiatric special care unit and one of the maximum-security divisions at the CCJ, where he repeatedly expressed suicidal ideation. (Id. ¶¶ 35, 37, 39-42, 44, 46-47.) While the psychiatric special care unit had 24-hour mental health care and suicide resistant cells, the maximum-security division, where Areon was held from to time, did not. (Id. ¶ 36.) On October 29, 2021, two days before his death, Areon returned to the maximum-security division from the special care unit. (Id. ¶¶ 46-47.) A correctional officer assigned to the division was supposed to conduct safety checks every half-hour, but on the day of Areon's death, the assigned officer "left his post unattended without requesting backup" and during his absence Areon hanged himself. (Id. ¶¶ 51-53.)

On November 16, 2023, the court held a settlement conference in this case and the Estate and the County resolved the case. (R. 57; R. 60, Pl.'s Mot. ¶ 3.) Then on December 13, 2023, Joanna filed the instant motion for court permission to distribute the settlement funds. (R. 60.) The court granted the motion to the extent that the court found the total settlement amount of $1,500,000 and the total fees and costs in the amount of $616,602.78 to be fair and reasonable. (R. 66.) However, the court continued the motion to the extent Joanna sought to distribute the remaining settlement funds in the amount of $883,397.22 (the "Funds"). (Id.)

In the motion Joanna requests that $2,000 of the Funds be distributed to Dominic, $2,500 to Robert, and the remaining $878,897.22 to herself. (R. 60, Pl.'s Mot. ¶ 12.) The motion does not seek to distribute any of the Funds to Areon's other siblings or to his father, Joyner. (Id.) Although Areon's other siblings agreed to the proposed distribution, the motion does not indicate whether Joyner consented to it. As such, the court entered an order on February 5, 2024, inviting Joyner to submit his position on the motion. (R. 70.) Joyner did so on February 16, 2024, indicating that he did not oppose the proposed distribution of Funds to Dominic or Robert, but argued that he is entitled to a third of the Funds, or $294,465.74. (R. 71, Ltr.) Because of this dispute between Joanna and Joyner on the distribution of the Funds, the court held a dependency hearing on June 11, 2024. (R. 79.) Neither Joanna nor Joyner was represented by an attorney at the hearing.

Both Joanna and Joyner testified during the hearing and several of their family members testified in support of their respective claims of loss and dependency. Joanna testified on her own behalf and presented the testimony of Robert, Areon's other younger brother, Ryan Marion ("Ryan"), Areon's older sister, Amber Marion ("Amber"), Areon's uncle and Joanna's brother, Bruce Marion ("Bruce"), Areon's step-father and Joanna's husband, William Wilson ("William"), and Areon's cousin, Kimberly Cooper. Joyner testified on his own behalf and presented the testimony of Areon's cousin, Sabrina Joyner-Hardrick, Joyner's wife, Sharon Joyner ("Sharon"), Areon's aunt, Maria Joyner, Joyner's niece-in-law Venessa Hardrick ("Venessa"), and Joyner's sister-in-law, Takesha Johnson.

3

## Legal Standard

The Illinois Wrongful Death Act provides that any amount recovered shall be "distributed by the court in which the cause is heard" and the amount will pass to the "next of kin of such deceased person in the proportion, as determined by the court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person." 740 ILCS 180/2(b). To determine one's next of kin, the Illinois Wrongful Death Act follows the Illinois system of intestate distribution. *Hudson v. Kelly*, No. 98 CV 7847, 1999 WL 412705, at *4 (N.D. Ill. June 3, 1999); *Reiser v. United States*, 786 F. Supp. 1334, 1335 (N.D. Ill. 1992). Areon was unmarried and had no children at the time of his death, making his parents and siblings his "next of kin." *See Reiser*, 786 F. Supp. at 1335. There is no dispute over Areon's next of kin in this case. (See R. 60, Pl.'s Mot. ¶ 10 (listing Areon's next of kin).) At the time of his death, Areon left surviving as his next of kin: (1) his mother, Joanna; (2) his father, Joyner; (3) his brothers, Robert, Ryan, Dominic, and Aiden Joyner; and (4) his sister, Amber. (Id.)

To decide the proper distribution of the Funds, the court has the "responsibility of determining the relative dependency of the parties" and the proportionate percentages. *Williams v. Rush-Presbyterian St. Luke's Med. Ctr.*, 899 N.E.2d 1241, 1246 (Ill. App. Ct. 2008). "Dependency" implies a present existing relationship between two persons. *Winters v. Cook Cnty.*, No. 08 CV 7276, 2011 WL 2142853, at *2 (N.D. Ill. May 24, 2011). But "dependency" is not defined by statute and "there is

4

no mathematical calculation or formula for determining the division of an award."
*Johnson v. Provena St. Therese Med. Ctr.*, 778 N.E.2d 298, 307 (Ill. App. Ct. 2002).
Dependency is not limited to financial dependency, but also includes "loss of society,"
which is "comprised of mutual benefits that each family member receives from the
other's continued existence, including loss of affection, care, attention,
companionship, comfort, guidance, and protection." *Burke v. J.B. Hunt Transp., Inc.*,
No. 91 CV 3459, 1992 WL 137153, at *3 (N.D. Ill. June 10, 1992). As such, the
damages, or in this case, the Funds, are "intended to provide the . . . benefits that
would have been received from the continued life of the decedent." *Id.* (citation
omitted).

## Analysis

At the outset, the court notes that in ruling on the amount of the Funds to be
distributed to Joanna and Joyner in this case, the court is not quantifying the loss
Areon's parents are experiencing. Losing a child is a devastatingly painful
experience, and the loss is extremely difficult, if not impossible, to quantify.
Moreover, the dependency hearing in this case demonstrate that Areon's death
continues to affect a great number of individuals. That said, the court has an
obligation to rule on the very narrow issue of the percentage of Funds to be
distributed to Joanna and Joyner. To do so, the court must ultimately compare the
losses Joanna and Joyner each suffer from Areon's death without disrupting the
proposed distribution of the Funds to Dominic and Robert.

The quality of both Joanna's and Joyner's evidence presented at the dependency hearing suffered by the fact that neither was represented by an attorney. Notably, the testimony of Joanna and Joyner and each of their witnesses was general and conclusory in nature. That said, a definite theme emerged from each side's presentation. While Joanna's presentation focused on her close bond and involved relationship with Areon and the loss she suffered because of his death, Joyner's centered on frustration over the fact that the issue had to be litigated in court and Areon's alleged complaints regarding Williams's treatment of him during his childhood. Of course, such complaints are not germane to the issue of the loss each parent has suffered because of Areon's death.

The hearing testimony reflects that Joanna was the parent who primarily raised and financially and emotionally supported Areon for much of his life. Areon was born in the Chicago area in December 1998 and moved to Arizona in July 2007 with his mother and siblings Amber, Robert, and Ryan. Joanna and Joyner were never married. Areon and his family grew up mostly in Arizona but occasionally returned to the Chicago area during his childhood. Shortly after moving to Arizona, Joanna met and married William, who moved in with her and her children.

Areon lived with Joanna and William until after he graduated high school in the summer of 2017. Areon had a passion for entrepreneurship, fashion, music, traveling, and performing. In or around 2019, Areon relocated to Chicago, moving in with his uncle Bruce. Areon returned to Arizona as an adult, staying with Joanna

and William for months at a time in 2020.  The evidence shows that Areon never lived

with Joyner while in the Chicago area as an adult.

It is clear from Joanna's testimony that Areon was very close to her and she to

him.  The court was also struck by Joanna's genuine look of despair and emptiness

as she remained silent from time to time during the hearing, struggling with difficult

emotions.  Ryan testified that Joanna was "Number 1 in [their] life" and "everywhere

[Areon] went, anywhere he went, it was always her he called and she called him."

(R. 80, Hr'g Tr. 27:8, 10-11.)  Areon's older sister, Amber, reinforced Areon's close

relationship with his mother, noting that she "was all he had [and] was his go-to when

he was going through all of his changes in life, all of his achievements, my mom did

it all." (Id. at 36:19-21.)  Amber also spoke to their mother's parenting and ability to

care for her and her siblings: "[T]he truth is that my mom did everything by herself.

So if anyone else is claiming to be entitled to anything, my mom is the only person

that is entitled to anything and everything because she did everything.  She put in

the work. She took care of us." (Id. at 37:16-20.)  Amber continued, "this is more than

just a loss.  It is more than that.  She is forever affected.  This has forever changed

her" and "even after death you can't break [Areon and his mom] apart."  (Id. at 37:

6-7, 40:7-8.)  Joanna, who was living in Arizona, spoke with Areon almost daily and

when Areon was detained at the CCJ, sent gifts and money to him so that they could

remain in contact.  (Id. at 21:16-25.)  Bruce echoed Amber's testimony and described

Joanna crying about her son's death and talking about him all the time.  (Id. at 42:2-

13.)  Bruce also had difficulty at the hearing getting his testimony out, showing deep emotion when talking about his sister and nephew.

In comparison, Areon's relationship with his father Joyner was a strained and distanced one.  While Areon had personal contacts with Joyner and his cousins during his return visits to Chicago from Arizona and Areon and Joyner occasionally spoke on the phone, Joyner remained in the Chicago area when Areon and Joanna moved to Arizona, and never visited his son in Arizona, not even when he graduated from high school.  (Id. at 76:5-8.)  Joyner says no one ever invited him to visit Areon in Arizona, (id. at 60:12-14, 61:17-18, 72:6-7), but he also did not explain what, if anything, prevented him from visiting his son.

Ryan testified that his family visited Joyner when they returned to Chicago but that the relationship between Areon and Joyner was attenuated, explaining that Joyner "never called," and when they were able to talk to Joyner, "I would have to beg him to say hello on the phone when he talked to my brother."  (Id. at 31:1-6.)  Similarly, Amber testified that Areon and Joyner's relationship was strained—Areon would not call his father because Joyner either did not answer the phone or had an excuse whenever Areon asked for something, leading Areon to eventually stop asking.  (Id. at 39:5-13.)  For his part, Joyner testified that he had no say in Areon moving to Arizona and that he would send financial help to his sons from Illinois when asked.  (Id. at 60:12-17, 76:17-22.)  Joyner and his wife Sharon saw Areon on occasion, such as getting together for a meal or to pick Areon up at the airport when he came back to the area.  And although Joyner says he offered to have Areon live with him, Joyner

8

claimed that Areon declined and lived with his uncle instead, citing an easier commute as the reason. (Id. at 78:10-18.) Joyner found out about Areon's arrest and detention at the CCJ from a phone call with Ryan, (id. at 79:5-9), but Joyner testified that he never visited Areon or tried to speak with him while Areon was detained at the CCJ. (Id. at 79:10-16.) From the evidence presented, the court infers that, unless Areon made the effort, Joyner did not go out of his way to see or spend time with him.

While Joyner testified that, during the time he and Joanna were still together in Chicago and prior to Joanna and Areon's move to Arizona, he "did what a man and a father was supposed to do," and worked, cooked, cleaned, and helped repair a building Joanna owned, (id. at 59:21-24, 60:4-5), this evidence does not negate Joyner and Areon's relationship growing apart throughout the latter part of Areon's life. Indeed, the purpose of the Illinois Wrongful Death Act is to compensate for the benefits "that would have been received from the continued life of the decedent," and, from the evidence presented, Joyner has not established that he would have had regular meaningful relationship with Areon, like the one Joanna had with him, moving forward if Areon had not died. *See Burke*, 1992 WL 137153, at *3. That said, there was testimony describing Joyner's sense of loss from Areon's death. In particular, Joyner's niece-in-law, Venessa, testified that Joyner was "overwhelmed with hurting pain" at Areon's funeral over his son's death. (R. 80, Hr'g Tr. 94:15-18.)

Based on the testimony presented, the court finds that the level of Joanna's loss of Areon's companionship is at least 10 times greater than Joyner's and, therefore, orders that, after subtracting Dominic and Robert's portions, Joyner is

entitled to receive no greater than 1/10 of the Funds while Joanna is to receive the remainder. This apportionment takes into account the time both parents spent with Areon and the companionship taken away from each parent because of Areon's death. *Johnson*, 778 N.E.2d at 307-08. But this apportionment rejects the motion's premise that Joyner is not entitled to any share of the Funds. (R. 60, Pl.'s Mot. ¶ 10.) While Joyner suffers less loss of companionship from Areon's death when compared to Joanna's loss, a bond remained between Areon and Joyner. Joyner therefore suffers some compensable loss because of Areon's death. *See Adams v. Turner*, 555 N.E.2d 1040, 1044 (Ill. App. Ct. 1990) (father and daughters' ongoing reconciliation emerging from parents' divorce demonstrated some loss upon father's death).

Areon's relationship with his mother, Joanna, was plainly deep and meaningful and Areon spent time with his mother on a more regular basis than with his father. *See In re Est. of Williams*, 585 N.E.2d 235, 237 (Ill. App. Ct. 1992) ("[T]ime actually spent with the child is relevant."). That is not to say that Areon did not have a relationship with his father—he did; it was just a relationship with significantly less contact. Areon lived with his mother for much of his life, in both Arizona and in Illinois. Areon spoke with his mother on an almost-daily basis compared to sporadic contact with his father. Areon could reasonably be expected to treat his mother's house in Arizona as his homebase and return with greater frequency compared to visits with his father, with whom Areon had not lived since he was a very young child. *See id.* (majority of damages went to parent who was "the one that shared the subtle and meaningful experiences of the developing child's life on a constant basis."). This

court recognizes that "[g]rief, sorrow and mental suffering are highly subjective experiences which are difficult to quantify," *Karahodzic v. JBS Carriers, Inc.*, 881 F.3d 1009, 1023 (7th Cir. 2018), and Areon's death caused loss to both parents, and to Areon's siblings, other relatives, and friends.

As the court stated previously, the issue before the court is a limited one—that is, determining the percentages of the Funds that should be distributed to Joanna and Joyner. The ruling in this case should not be interpreted to mean that Joanna's loss or Joyner's loss totals the amount they are receiving from the distribution, but simply that the court appreciates that Joanna's loss is much greater when compared to Joyner's. Again, the court recognizes that Joyner remained in Areon's life, maintained a bond with him, and suffers loss from his death. And Joyner may be correct that his relationship with Areon may have been very different if the family had not moved away to Arizona, but the court's inquiry is limited to what occurred and not what might have been under hypothetical circumstances. The court extends its deepest condolences to Areon's family for their profound loss.

11

## Conclusion

For the foregoing reasons, the court grants the motion to the extent that the Estate is ordered to distribute $2,000 to Joanna for the benefit of Dominic, $2,500 to Robert, $87,889.72 to Joyner, and $791,007.50 to Joanna.

ENTER:

Young B. Kim
United States Magistrate

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF NextGen 1.7.1.1
### Eastern Division

Joanna Wilson
                             Plaintiff,

v.                                              Case No.: 1:22−cv−06886
                                                Honorable Young B. Kim

Cook County, et al.
                             Defendant.

_____

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Saturday, July 20, 2024:

    MINUTE entry before the Honorable Young B. Kim: On the court's docket, Document No. 84 appears as "Motion for a retrial by Plaintiff Joanna Wilson." (R. 84.) However, the document is filed by Claimant Adair Joyner and he seeks ";a retrial because [he says] the decision was not fair." (R. 84 at 1.) The motion for a rehearing [84] is denied because Joyner fails to state any basis for a rehearing. That said, Joyner still has his right to file a notice of appeal with the Seventh Circuit Court of Appeals by August 12, 2024, and appeal this court's decision. Mailed notice(Kim, Young)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

APPEAL,PROTO

# United States District Court
# Northern District of Illinois - CM/ECF NextGen 1.7.1.1 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:22-cv-06886
# Internal Use Only

Wilson v. Cook County, Illinois et al
Assigned to: Honorable Young B. Kim
Case in other court: Circuit Court of Cook County, 2022-L-009575
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 12/08/2022
Jury Demand: Defendant
Nature of Suit: 362 Personal Inj. Med.
Malpractice
Jurisdiction: Federal Question

### Plaintiff

**Joanna Wilson**
*as Independent Administrator, Deceased estate of*
Areon J. Marion

represented by **James Charles Pullos**
Clifford Law Offices, P.C.
120 N. LaSalle
36th floor
Chicago, IL 60602
(312) 899-9090
Email: jcp@cliffordlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Cook County**
*a unit of local government*
*doing business as*
Cook County Health and Hospitals System
*doing business as*
Cermak Health Services of Cook County

represented by **Mia Buntic**
Cook County State's Attorney's Office
50 W Washington Street
Suite 2760
Chicago, IL 60602
(312) 603-1434
Email: Mia.Buntic@cookcountyil.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Cook County Sheriff's Office**
*TERMINATED: 01/25/2024*

represented by **Antonio C. Lee**
DOJ-USAO
5400 Federal Plaza
Suite 1500
Hammond, IN 46320
219-937-5600
Email: Antonio.Lee@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mia Buntic**
(See above for address)

**Defendant**

**B. Vargas**
*Officer, 16976*
*TERMINATED: 01/25/2024*

represented by **Antonio C. Lee**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mia Buntic**
(See above for address)

**Defendant**

**Yaser Haq**
*M.D.*
*TERMINATED: 01/25/2024*

represented by **Mia Buntic**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steve Paschos**
*M.D.*
*TERMINATED: 02/02/2024*

represented by **Aleeza Fatima Mian**
Gordon Rees Scully Mansukhani
One North Franklin
Ste 800
Chicago, IL 60606
515-708-3131
Email: miana@jbltd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa Marie McElroy**
Johnson & Bell, Ltd.
33 W Monroe Street
Suite 2700
Chicago, IL 60603
(312) 372-0770
Email: mcelroyl@jbltd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Monica Burkoth**
Johnson & Bell, Ltd.
33 W. Monroe St.
Suite 2700
Chicago, IL 60603
312-984-3421
Email: BurkothM@jbltd.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel D. Branum**
Johnson & Bell, Ltd.
33 W. Monroe St. Suite 2700
Chicago, IL 60603
(312) 372-0770
Email: branums@jbltd.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Mia Buntic**
(See above for address)
*TERMINATED: 05/10/2023*

**Defendant**

**Michael Bednarz**
*M.D.*
*TERMINATED: 02/02/2024*

represented by **Mia Buntic**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ahleah C. Balawender**
*PA-C*
*TERMINATED: 01/25/2024*

represented by **Mia Buntic**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jason Sprague**
*TERMINATED: 01/25/2024*

represented by **Mia Buntic**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lauren Cartwright**
*TERMINATED: 01/25/2024*

represented by **Mia Buntic**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nikki Ruffin**
*TERMINATED: 01/25/2024*

represented by **Troy S. Radunsky**
DeVore Radunsky LLC
230 W. Monroe
Ste 230
Chicago, IL 60606
312-300-4484
Email: tradunsky@devoreradunsky.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary G Stillman**
DeVore Radunsky LLC
230 W Monroe
Ste 230
Chicago, IL 60606
312-300-4479
Email: zstillman@devoreradunsky.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mia Buntic**

(See above for address)
*TERMINATED: 04/25/2023*

| | | |
|---|---|---|
| **Service List** | represented by | **Service List**<br>Adair Joyner<br>1728 Harbor Avenue, Apt. 1W<br>Calumet City, Il 60409<br>Email: joyneradair47@gmail.com<br>PRO SE |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/08/2022 | 1 | NOTICE of Removal from Circuit Court of Cook County, with copy of complaint and summons, case number (2022L009575) filed by Cook County Sheriff's Office, B. Vargas Filing fee $ 402. Receipt #4624279927 (kl, ) Modified on 12/8/2022 (kl, ). (Entered: 12/08/2022) |
| 12/08/2022 | 2 | CIVIL Cover Sheet (kl, ) (Entered: 12/08/2022) |
| 12/08/2022 | 3 | ATTORNEY Appearance for Defendants Cook County Sheriff's Office, B. Vargas by Antonio C. Lee (kl, ) (Entered: 12/08/2022) |
| 12/08/2022 | | CASE ASSIGNED to the Honorable Andrea R. Wood. Designated as Magistrate Judge the Honorable Young B. Kim. Case assignment: Random assignment. (kl, ) (Entered: 12/08/2022) |
| 12/08/2022 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (kl, ) (Entered: 12/08/2022) |
| 12/08/2022 | 5 | MAILED Notice of Removal letter to counsel of record (kl, ) (Entered: 12/08/2022) |
| 12/08/2022 | 6 | ATTORNEY Appearance for Defendant Illinois Cook County by Mia Buntic (Buntic, Mia) (Entered: 12/08/2022) |
| 12/12/2022 | 7 | MINUTE entry before the Honorable Andrea R. Wood: Telephonic initial status hearing set for 1/10/2023 at 10:15 AM. To ensure public access to court proceedings, members of the public and media may call in to listen to telephonic hearings. The call-in number is (888) 557-8511 and the access code is 3547847. Counsel of record will receive an email 30 minutes prior to the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. The parties are directed to meet and conduct a planning conference pursuant to Federal Rule of Civil Procedure 26(f). At least seven days before the initial status hearing, the parties shall file a joint written status report, not to exceed five pages in length. The initial status report shall provide the information described on the Court's website at www.ilnd.uscourts.gov |

| | | under District Judges, Judge Andrea R. Wood, Initial Status Conference. Mailed notice (lma, ) (Entered: 12/12/2022) |
|---|---|---|
| 12/15/2022 | 8 | MOTION by Defendants Illinois Cook County, Cook County Sheriff's Office, B. Vargas for extension of time *Unopposed* (Attachments: # 1 Notice of Filing)(Lee, Antonio) (Entered: 12/15/2022) |
| 12/15/2022 | 9 | ATTORNEY Appearance for Plaintiff Joanna Wilson by James Charles Pullos (Pullos, James) (Entered: 12/15/2022) |
| 12/19/2022 | 10 | MINUTE entry before the Honorable Andrea R. Wood: Defendants' unopposed motion for extension of time 8 is granted. Defendants shall answer or otherwise respond to Plaintiff's complaint by 2/13/2023. The telephonic initial status hearing set for 1/10/2023 is stricken and reset for 2/21/2023 at 9:15 AM. To ensure public access to court proceedings, members of the public and media may call in to listen to telephonic hearings. The call-in number is (888) 557-8511 and the access code is 3547847. Counsel of record will receive an email 30 minutes prior to the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. The parties are directed to meet and conduct a planning conference pursuant to Federal Rule of Civil Procedure 26(f). At least seven days before the initial status hearing, the parties shall file a joint written status report, not to exceed five pages in length. The initial status report shall provide the information described on the Court's website at www.ilnd.uscourts.gov under District Judges, Judge Andrea R. Wood, Initial Status Conference. Mailed notice (lma, ) (Entered: 12/19/2022) |
| 12/29/2022 | 11 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/29/2022: Mailed notice. (tg, ) (Entered: 12/29/2022) |
| 02/13/2023 | 12 | MOTION by Defendants Illinois Cook County, Cook County Sheriff's Office, B. Vargas for extension of time to file answer *(Unopposed)* (Buntic, Mia) (Entered: 02/13/2023) |
| 02/15/2023 | 13 | MINUTE entry before the Honorable Andrea R. Wood: Defendants' second unopposed motion for extension of time 12 is granted. Defendants shall answer or otherwise respond to Plaintiff's complaint by 2/27/2023. The telephonic initial status hearing set for 2/21/2023 is stricken and reset for 3/7/2023 at 9:15 AM. To ensure public access to court proceedings, members of the public and media may call in to listen to telephonic hearings. The call-in number is (888) 557-8511 and the access code is 3547847. Counsel of record will receive an email 30 minutes prior to the |

| | | |
|---|---|---|
| | | start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. The parties are directed to meet and conduct a planning conference pursuant to Federal Rule of Civil Procedure 26(f). At least seven days before the initial status hearing, the parties shall file a joint written status report, not to exceed five pages in length. The initial status report shall provide the information described on the Court's website at www.ilnd.uscourts.gov under District Judges, Judge Andrea R. Wood, Initial Status Conference. Mailed notice (lma, ) (Entered: 02/15/2023) |
| 02/27/2023 | 14 | ANSWER to Complaint with Jury Demand *and Affirmative Defenses* by Cook County Sheriff's Office, B. Vargas (Attachments: # 1 Notice of Filing Notice of Filing and Certificate of Service)(Lee, Antonio) (Entered: 02/27/2023) |
| 02/27/2023 | 15 | ANSWER to Complaint with Jury Demand *and Affirmative Defenses* by Illinois Cook County(Buntic, Mia) (Entered: 02/27/2023) |
| 02/28/2023 | 16 | STATUS Report *Joint Status Report* by Joanna Wilson (Pullos, James) (Entered: 02/28/2023) |
| 03/02/2023 | 17 | ATTORNEY Appearance for Defendants Ahleah C. Balawender, Lauren Cartwright, Yaser Haq, Steve Paschos, Nikki Ruffin, Jason Sprague by Mia Buntic (Buntic, Mia) (Entered: 03/02/2023) |
| 03/07/2023 | 19 | MINUTE entry before the Honorable Andrea R. Wood: Telephonic status hearing held on 3/7/2023. For the reasons stated on the record, Plaintiff's oral motion for leave to file an amended complaint is granted. Plaintiff shall file its amended complaint by 3/21/2023. Defendants who have already appeared shall file their answers or otherwise respond to Plaintiff's amended complaint by 4/4/2023. The parties shall serve Fed. R. Civ. P. 26(a)(1) initial disclosures by 3/21/2023. Any joint motion for entry of a protective order shall be filed by 3/31/2023. Fact discovery shall be completed by 1/31/2024. Plaintiffs shall disclose their experts by 4/8/2024 and produce their experts for depositions by 6/10/2024. Defendants shall disclose their experts by 8/12/2024 and produce their experts for depositions by 10/14/2024. Dispositive motions shall be filed by 12/16/2024. By 5/8/2024, the parties shall file a joint status report setting forth: (1) the current status of discovery, including what progress has been made, whether the parties are aware of any discovery disputes that will require the Court's involvement, and whether the parties are aware of any reason why they will not be able to complete fact discovery by the 1/31/2024 deadline; (2) confirmation that Defendant Bednarz has been served and his expected answer date (if he has not already answered); (3) the parties' views regarding prospects for settlement and whether the parties request a referral to the magistrate judge for a settlement conference; and (4) whether the parties require a telephonic status hearing and, if so, what matters the parties feel it would be helpful to discuss with the Court. Mailed notice (lma, ) (Entered: 03/09/2023) |
| 03/08/2023 | 18 | *First* AMENDED complaint by Joanna Wilson against Ahleah C. Balawender, Michael Bednarz, Lauren Cartwright, Cook County Sheriff's Office, Cook County, Illinois, Yaser Haq, Steve Paschos, Nikki Ruffin, Jason Sprague, B. Vargas (Attachments: # 1 Notice of Filing)(Pullos, James) (Entered: 03/08/2023) |
| 03/22/2023 | 20 | *Defendants'* ANSWER to amended complaint by Cook County Sheriff's Office, B. Vargas (Attachments: # 1 Notice of Filing)(Lee, Antonio) (Entered: 03/22/2023) |

| | | |
|---|---|---|
| 03/23/2023 | 21 | MOTION by Plaintiff Joanna WilsonJoint Motion for Entry of Proposed Confidentiality Order (Pullos, James) (Entered: 03/23/2023) |
| 03/24/2023 | 22 | MINUTE entry before the Honorable Andrea R. Wood: The parties' joint motion for entry of the proposed confidentiality order 21 is set for a telephonic motion hearing 3/30/2023 at 9:30 AM. If the Court determines that a ruling can be made on the motion without the hearing, an order will be entered prior to the date striking the hearing. To ensure public access to court proceedings, members of the public and media may call in to listen to telephonic hearings. The call-in number is (888) 5578511 and the access code is 3547847. Counsel of record will receive an email 30 minutes prior to the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (lma, ) (Entered: 03/24/2023) |
| 03/29/2023 | 23 | MINUTE entry before the Honorable Andrea R. Wood: The parties' joint motion for entry of the proposed confidentiality order 21 is granted. Enter Order. Telephonic motion hearing set for 3/30/2023 is stricken; parties need not appear. Mailed notice (lma, ) (Entered: 03/29/2023) |
| 03/29/2023 | 24 | AGREED CONFIDENTIALITY ORDER. Signed by the Honorable Andrea R. Wood on 3/29/2023. Mailed notice (lma, ) (Entered: 03/29/2023) |
| 04/04/2023 | 25 | ATTORNEY Appearance for Defendant Michael Bednarz by Mia Buntic (Buntic, Mia) (Entered: 04/04/2023) |
| 04/04/2023 | 26 | ANSWER to amended complaint *and Affirmative Defenses* by Ahleah C. Balawender, Michael Bednarz, Lauren Cartwright, Cook County, Illinois, Yaser Haq, Steve Paschos, Nikki Ruffin, Jason Sprague(Buntic, Mia) (Entered: 04/04/2023) |
| 04/25/2023 | 27 | WITHDRAWING *Mia Buntic* as counsel for Defendant Nikki Ruffin and substituting Troy S. Radunsky as counsel of record (Radunsky, Troy) (Entered: 04/25/2023) |
| 04/25/2023 | 28 | WITHDRAWING *Mia Buntic* as counsel for Defendant Nikki Ruffin and substituting Zachary G Stillman as counsel of record (Stillman, Zachary) (Entered: 04/25/2023) |
| 05/08/2023 | 29 | STATUS Report *Joint* by Ahleah C. Balawender, Michael Bednarz, Lauren Cartwright, Cook County, Cook County Sheriff's Office, Yaser Haq, Nikki Ruffin, Jason Sprague, B. Vargas (Buntic, Mia) (Entered: 05/08/2023) |
| 05/10/2023 | 30 | ATTORNEY Appearance for Defendant Steve Paschos by Monica Burkoth (Burkoth, Monica) (Entered: 05/10/2023) |
| 05/10/2023 | 31 | WITHDRAWING *Mia Buntic* as counsel for Defendant Steve Paschos and substituting Monica Burkoth as counsel of record (Burkoth, Monica) (Entered: 05/10/2023) |
| 05/10/2023 | 32 | ATTORNEY Appearance for Defendant Steve Paschos by Lisa Marie McElroy (McElroy, Lisa) (Entered: 05/10/2023) |

| 05/10/2023 | 33 | WITHDRAWING *Mia Buntic* as counsel for Defendant Steve Paschos and substituting Lisa Marie McElroy as counsel of record (McElroy, Lisa) (Entered: 05/10/2023) |
| 05/10/2023 | 34 | ATTORNEY Appearance for Defendant Steve Paschos by Aleeza Fatima Mian (Mian, Aleeza) (Entered: 05/10/2023) |
| 05/10/2023 | 35 | WITHDRAWING *Mia Buntic* as counsel for Defendant Steve Paschos and substituting Aleeza Fatima Mian as counsel of record (Mian, Aleeza) (Entered: 05/10/2023) |
| 05/10/2023 | 36 | ATTORNEY Appearance for Defendant Steve Paschos by Samuel D. Branum (Branum, Samuel) (Entered: 05/10/2023) |
| 05/10/2023 | 37 | WITHDRAWING *Mia Buntic* as counsel for Defendant Steve Paschos and substituting Samuel D. Branum as counsel of record (Branum, Samuel) (Entered: 05/10/2023) |
| 05/24/2023 | 38 | MOTION by Plaintiff Joanna Wilson for protective order<br><br>(Attachments: # 1 Agreed by both parties)(DeVore, Jason) (Entered: 05/24/2023) |
| 05/25/2023 | 39 | MINUTE entry before the Honorable Andrea R. Wood: The parties' agreed motion for entry of a qualified protective order 38 is set for a telephonic motion hearing 6/1/2023 at 9:15 AM. If the Court determines that a ruling can be made on the motion without the hearing, an order will be entered prior to the date striking the hearing. To ensure public access to court proceedings, members of the public and media may call in to listen to telephonic hearings. The call-in number is (888) 5578511 and the access code is 3547847. Counsel of record will receive an email 30 minutes prior to the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (lma, ) (Entered: 05/25/2023) |
| 05/31/2023 | 40 | MINUTE entry before the Honorable Andrea R. Wood: The parties' agreed motion for entry of a qualified protective order 38 is granted. Enter Protective Order. Telephonic motion hearing set for 6/1/2023 is stricken; parties need not appear. Mailed notice (lma, ) (Entered: 05/31/2023) |
| 05/31/2023 | 41 | QUALIFIED PROTECTIVE ORDER. Signed by the Honorable Andrea R. Wood on 5/31/2023. Mailed notice (lma, ) (Entered: 05/31/2023) |
| 06/13/2023 | 42 | MINUTE entry before the Honorable Andrea R. Wood: By 7/10/2023, the parties shall file an updated joint status report setting forth: (1) the current status of discovery, including what progress has been made since the last report, whether the parties are aware of any discovery disputes that will require the Court's involvement, and whether the parties are aware of any reason why they will not be able to complete fact discovery by the 1/31/2024 deadline; (2) the parties' views regarding prospects for settlement and whether the parties request a referral to the magistrate judge for a settlement conference; and (3) whether the parties require a telephonic status hearing and, if so, what matters the parties feel it would be helpful to discuss with the Court. Mailed notice (lma, ) (Entered: 06/13/2023) |
| 07/10/2023 | 43 | STATUS Report *Joint Status Report* by Joanna Wilson |

| | | (Pullos, James) (Entered: 07/10/2023) |
|---|---|---|
| 07/11/2023 | 44 | MINUTE entry before the Honorable Andrea R. Wood: The Court has reviewed the parties' joint status report 43 . At the parties' request, this matter is referred to the magistrate judge for a settlement conference. Oral discovery is stayed until further order of the Court to allow the parties time to explore settlement. By 8/15/2023, the parties shall file an updated joint status report to inform Judge Wood of: (1) the status of the parties' settlement discussions; (2) whether any party desires to lift or modify the stay of oral discovery, and (3) any other matters that the parties would like to discuss with Judge Wood at a status hearing. The fact discovery deadline remains set for 1/31/2024. Mailed notice (lma, ) (Entered: 07/11/2023) |
| 07/11/2023 | 45 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Young B. Kim for the purpose of holding proceedings related to: settlement conference. (lma, ) (Entered: 07/11/2023) |
| 07/12/2023 | 46 | MINUTE entry before the Honorable Young B. Kim: A preliminary settlement discussion with the attorneys of record is scheduled for July 19, 2023, at 10:30 a.m. by phone. The conference call number is (877) 336-1839 and the passcode is 4333213. Mailed notice (ec) (Entered: 07/12/2023) |
| 07/19/2023 | 47 | MINUTE entry before the Honorable Young B. Kim: Preliminary settlement discussion held. A Webex video settlement conference is scheduled for November 16, 2023, at 12:00 p.m. The court will send out a video link by email prior to the start of the conference with instructions to join the meeting. Parties are ordered to review and follow the court's standing order on "Settlement Conferences" on its webpage. The individuals with the authority to settle this matter must be present by video for the entire conference. Defendant County is ordered to respond to Plaintiff's settlement demand in reply to the court's email sent to the parties today, by August 18, 2023. Mailed notice (ec) (Entered: 07/19/2023) |
| 08/14/2023 | 48 | MINUTE entry before the Honorable Young B. Kim: At Defendant County's request, it now has until September 1, 2023, to respond to Plaintiff's settlement demand. Emailed notice (yt) (Entered: 08/14/2023) |
| 08/15/2023 | 49 | STATUS Report *Joint Status Report* by Joanna Wilson<br><br>Presented before District Judge<br><br>(Pullos, James) (Entered: 08/15/2023) |
| 08/21/2023 | 50 | MINUTE entry before the Honorable Andrea R. Wood: The Court has reviewed the parties' joint status report 49 . Based on the report, oral discovery remains stayed until further order of the Court. Telephonic status hearing set for 11/21/2023 at 9:00 AM. The parties may contact the courtroom deputy if they require an earlier status hearing. To ensure public access to court proceedings, members of the public and media may call in to listen to telephonic hearings. The call-in number is (888) 5578511 and the access code is 3547847. Counsel of record will receive an email 30 minutes prior to the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (lma, ) (Entered: 08/21/2023) |

| 09/03/2023 | 51 | MINUTE entry before the Honorable Young B. Kim: Plaintiff is ordered to serve her response settlement position statement by September 15, 2023. Plaintiff is ordered to circulate this statement in reply to the court's email to the parties sent today. Mailed notice (Kim, Young) (Entered: 09/03/2023) |
| --- | --- | --- |
| 09/21/2023 | 52 | MINUTE entry before the Honorable Young B. Kim: Confidential settlement discussion held with Defendant Cook County. Mailed notice (ec) (Entered: 09/21/2023) |
| 10/05/2023 | 53 | MINUTE entry before the Honorable Young B. Kim: Confidential settlement discussion held with Plaintiff. Mailed notice (Kim, Young) (Entered: 10/05/2023) |
| 10/06/2023 | 54 | MINUTE entry before the Honorable Young B. Kim: Confidential settlement discussion held with Defendants. Emailed notice (yt) (Entered: 10/06/2023) |
| 10/31/2023 | 55 | MINUTE entry before the Honorable Young B. Kim: Confidential settlement discussion held with Plaintiff. Mailed notice (ec) (Entered: 10/31/2023) |
| 11/13/2023 | 56 | MINUTE entry before the Honorable Young B. Kim: Confidential settlement discussion held with Defendants. The November 16, 2023 video settlement conference will proceed as scheduled at noon (CST). Mailed notice (ec) (Entered: 11/13/2023) |
| 11/16/2023 | 57 | MINUTE entry before the Honorable Young B. Kim: Video settlement conference held. Parties were able to resolve the matter. Defendant Cook County to email a finalized version of the settlement agreement to Plaintiff by November 21, 2023. Parties are to file their stipulations to dismiss with the assigned District Judge as soon as possible. All matters relating to the referral of this action having been concluded, the referral is closed, and the case is returned to the assigned District Judge. Mailed notice (ec) (Entered: 11/16/2023) |
| 11/20/2023 | 58 | MINUTE entry before the Honorable Andrea R. Wood: The magistrate judge reports that the parties have reached a settlement. Accordingly, the telephonic status hearing before Judge Wood set for 11/21/2023 is stricken. Instead, by 1/22/2024, the parties shall file either a stipulation of dismissal or a short status report explaining their delay in doing so. Mailed notice (lma, ) (Entered: 11/20/2023) |
| 11/22/2023 | 59 | MOTION by Defendants Ahleah C. Balawender, Michael Bednarz, Lauren Cartwright, Cook County, Yaser Haq, Jason Sprague to substitute party<br><br>(Buntic, Mia) (Entered: 11/22/2023) |
| 12/13/2023 | 60 | MOTION by Plaintiff Joanna Wilson for settlement *Plaintiff's Motion to Approve Settlement of Wrongfu Death Action and to Approve Distribution of Funds*<br><br>(Attachments: # 1 Certificate of Service)(Pullos, James) (Entered: 12/13/2023) |
| 12/28/2023 | 61 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to |

| | | |
|---|---:|---|
| | | additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/28/2023: Mailed notice. (tg, ) (Entered: 12/29/2023) |
| 01/12/2024 | 62 | JOINT CONSENT to Exercise of Jurisdiction by a United States Magistrate Judge (Pullos, James) (Entered: 01/12/2024) |
| 01/17/2024 | 63 | AMENDED joint consent to jurisdiction by US magistrate judge 62 (Pullos, James) (Entered: 01/17/2024) |
| 01/17/2024 | 64 | ORDER REASSIGNING Case to the Honorable Young B. Kim, pursuant to Local Rule 73.1(C) for all further proceedings, parties having consented to the reassignment. Honorable Andrea R. Wood no longer assigned to the case. Signed by Honorable Andrea R. Wood on 1/17/2024. (jn, ) (Entered: 01/24/2024) |
| 01/25/2024 | 65 | MINUTE entry before the Honorable Young B. Kim: Defendants' agreed motion to substitute parties 59 is granted. Defendant Cook County is granted leave to substitute as the sole named Defendant in this case. The court dismisses Defendants Cook County Sheriff's Office, Yaser Haq, Ahleah C. Balawender PA-C, Jason Sprague, Lauren Cartwright, Nikki Ruffin, and Officer B. Vargas from this case with prejudice. Plaintiff's motion to approve settlement and distribution of funds 60 is taken under advisement. Mailed notice (ec) (Entered: 01/25/2024) |
| 01/30/2024 | 66 | MINUTE entry before the Honorable Young B. Kim: Plaintiff's motion to approve settlement and distribution of funds 60 is granted in part and entered and continued in part. The motion is granted to the extent that the court approves the total settlement amount of $1,500,000 and the total fees and costs in the amount of $616,602.78 as fair and reasonable. The court also grants the motion to the extent that Survival Act claims (Counts III, IV, VI, VIII, X, and XII) are dismissed with prejudice. However, the motion is entered and continued to the extent that it seeks the distribution of the remaining settlement amount of $883,397.22. In order to better assess this request, the court requires additional information because the motion lacks affidavits from Adair Joyner and Aiden Joyner whether they also agree to the proposed distribution of the settlement funds. Parties are to file a joint status report by February 6, 2024, including the following information: (1) the status on Defendant Cook County's payment of the settlement amount to Plaintiff and the parties' stipulation to dismiss this action; and (2) the contact information (including phone numbers and mailing and email addresses) for Adair and Aiden Joyner. Mailed notice (ec) (Entered: 01/30/2024) |
| 02/02/2024 | 67 | MOTION by Defendant Cook County to substitute party<br><br>(Buntic, Mia) (Entered: 02/02/2024) |
| 02/02/2024 | 68 | MINUTE entry before the Honorable Young B. Kim: Defendant Cook County's agreed motion to substitute Cook County for Drs. Steve Paschos and Michael Bednarz 67 is granted. Defendant County is the only remaining Defendant in this case. Defendant Drs. Paschos and Bednarz are dismissed with prejudice. Mailed notice (ec) (Entered: 02/02/2024) |
| 02/02/2024 | 69 | STATUS Report *Joint Status Report* by Joanna Wilson<br><br>(Pullos, James) (Entered: 02/02/2024) |
| 02/05/2024 | 70 | MINUTE entry before the Honorable Young B. Kim: The Estate has filed a motion for the distribution of settlement funds to Decedent's next of kin. The settlement amount that will remain for distribution totals $883,397.22 ("Funds"), (see R. 66). The motion seeks to have $878,897.22 of the Funds distributed to Joanna Wilson, |

| | | |
|---|---|---|
| | | $2,500 to Robert Marion, and $2,000 to Wilson for the benefit of Dominic Wilson, a minor. The Estate asks that the remaining next of kin---Adair Joyner, Aiden Joyner, Ryan Marion, and Amber Marion receive nothing from the Funds. Robert, Ryan, and Amber Marion have indicated their agreement to the distribution. (R. 60 at 15-16, 18-19, 21-22.) However, the motion is silent on Adair Joyner's and Aiden Joyner's position on the distribution. As such, Adair Joyner---on his behalf and on behalf of Aiden Joyner, if he is a minor---is ordered to submit his response to this motion by February 16, 2024, and indicate his position on the distribution of the Funds. If he wishes to hire an attorney to respond to this order, he must submit his request for time to do so. He may submit a statement and respond to the motion with his position on what his share of the Funds should be or submit a written request for more time by mailing the same to the following: Clerk's Office, United States District Court, 219 South Dearborn Street, 20th Floor, Chicago, IL 60604. Joyner is advised that it is imperative that his written submission includes the case number, No. 22 CV 6886, because failure to do so will result in this court never receiving the submission. The clerk's office is directed to email a copy of this order to Adair Joyner (joyneradair47@gmail.com) and mail the same to the following address: 1728 Harbor Avenue, Calumet City, IL 60409. Mailed notice (ec) (Entered: 02/05/2024) |
| 02/06/2024 | | MAILED docket text entry 70 to Adair Joyner 1728 Harbor Avenue, Calumet City, IL 60409 and sent via email to joyneradair47@gmail.com. (emc, ) (Entered: 02/06/2024) |
| 02/16/2024 | 71 | LETTER from Adair Joyner. (jb, ) (Entered: 02/20/2024) |
| 02/21/2024 | 72 | MINUTE entry before the Honorable Young B. Kim: A status hearing is scheduled for February 28, 2024, at 12:00 p.m. (CST) by phone. The conference call number for the status hearing is (877) 336-1839 and the passcode is 4333213. Decedent Areon Marion's next of kin and mother Joanna Wilson and father Adair Joyner must appear by phone for the status hearing. Joyner filed a one-page statement on February 20, 2024, (R. 71), objecting to the Estate's motion for distribution (R. 60). While the Estate takes the position in the motion that $878,897.22 ("Funds") should be distributed to Wilson, Joyner takes the position that he is entitled to 1/3 of the Funds or $292,965.74. Joyner did not submit any objection to the motion on behalf of Aiden Joyner. As such, the dispute centers on the amounts to be distributed to Wilson and Joyner. In light of this dispute, the court must hold a dependency hearing to determine the appropriate distribution of the remaining Funds to Wilson and Joyner. The clerk's office is directed to email a copy of this order to Adair Joyner (joyneradair47@gmail.com) and mail the same to the following address: 1728 Harbor Avenue, Apt. 1W, Calumet City, IL 60409. (ec) (Entered: 02/21/2024) |
| 02/22/2024 | | MAILED order dated 2/21/2024 to Adair Joyner at joyneradair47@gmail.com and 1728 Harbor Avenue, Apt. 1W, Calumet City, IL 60409. (jb, ) (Entered: 02/22/2024) |
| 02/29/2024 | 73 | MINUTE entry before the Honorable Young B. Kim: Status hearing held by phone on February 28, 2024. A dependency hearing is scheduled for June 11, 2024, at 10:00 am in courtroom 1019. The hearing may continue on June 12, 2024, if necessary. Claimants Joanna Wilson and Adair Joyner are ordered to appear for the hearing in person. Wilson and Joyner are also ordered to submit a list of their witnesses---including a brief explanation on who they are and their email addresses if they live outside the State of Illinois so that the court may email a video link for their hearing testimony---and a list of exhibits along with a description (e.g., photo, voice message, social media posting) to be offered at the hearing. Wilson and Joyner must submit the ordered list of witnesses and exhibits by March 27, 2024. The clerk's office is directed to email a copy of this order to Adair Joyner |

| | | (joyneradair47@gmail.com) and mail the same to the following address: 1728 Harbor Avenue, Apt. 1W, Calumet City, IL 60409. (ec) (Entered: 02/29/2024) |
|---|---|---|
| 03/19/2024 | 74 | List of witnesses by Joanna Wilson. (Attachments: # 1 Exhibit Pictures, # 2 Exhibit Messages)(ec ) (Entered: 03/21/2024) |
| 03/25/2024 | 75 | MINUTE entry before the Honorable Young B. Kim: Claimant Adair Joyner called the court seeking an extension of time. The request is granted and Joyner now has until April 3, 2024, to file his list of witnesses and exhibits. The clerk's office is directed to email a copy of this order to Adair Joyner (joyneradair47@gmail.com) and mail the same to the following address: 1728 Harbor Avenue, Apt. 1W, Calumet City, IL 60409. (ec) (Entered: 03/25/2024) |
| 03/29/2024 | 76 | WITNESS List by Adair Joyner (Exhibits) (Received at the Intake Counter on 03/29/24.)(rp, ) (Entered: 04/02/2024) |
| 04/02/2024 | | EMAILED copy of order dated 03/25/2024 to Adair Joyner (joyneradair47@gmail.com) and mail the same to the following address: 1728 Harbor Avenue, Apt. 1W, Calumet City, IL 60409. (rp, ) (Entered: 04/02/2024) |
| 04/04/2024 | 77 | MINUTE entry before the Honorable Young B. Kim: A status hearing is scheduled for May 13, 2024, at 12:00 p.m. by phone. The purpose of the hearing is to prepare for the dependency hearing scheduled for June 11, 2024. Claimants Joanna Wilson and Adair Joyner have submitted their witness lists. Claimants should be prepared to identify for the court the witnesses who will appear for the hearing in person and by video. Mailed notice (ec) (Entered: 04/04/2024) |
| 05/13/2024 | 78 | MINUTE entry before the Honorable Young B. Kim: Status hearing held by phone. Claimants Joanna Wilson and Adair Joyner are ordered to appear for the dependency hearing at 10:00 a.m. on June 11, 2024, in courtroom 1019 (10th floor). The hearing will continue on June 12, 2024, starting at 9:00 a.m. if necessary. Wilson's in-person witnesses must also appear for the hearing at 10:00 a.m. on June 11, 2024. Joyner's in-person witnesses may appear by 1:00 p.m. on June 11, 2024. Some of Joyner's witnesses may have to return to court the following day to present their testimony. The United States District Court for the Northern District of Illinois is located at 219 South Dearborn Street in Chicago (the main entrance is on Dearborn Street between Jackson and Adams). Those individuals coming to court will need a government issued photo identification to enter the courthouse. For Witness Kimberly Cooper, the court will email a Webex video link to her so that she may appear for the hearing by video. Wilson is directed to advise Cooper to wait for Wilson to call her to appear by video. Mailed notice (ec) (Entered: 05/13/2024) |
| 06/11/2024 | 79 | MINUTE entry before the Honorable Young B. Kim: Dependency hearing held. Plaintiff's motion to approve distribution of funds 60 is taken under advisement. Mailed notice (ec) (Entered: 06/11/2024) |
| 07/08/2024 | 🔒 80 | TRANSCRIPT OF PROCEEDINGS held on 06/11/2024 before the Honorable Young B. Kim. Court Reporter Contact Information: Rosemary Scarpelli, Rosemary_Scarpelli@ilnd.uscourts.gov, (312)435-5885, on behalf of Noreen Resendez.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. |

| | | |
|---|---|---|
| | | Redaction Request due 7/29/2024. Redacted Transcript Deadline set for 8/8/2024. Release of Transcript Restriction set for 10/7/2024. (Scarpelli, Rosemary) (Entered: 07/08/2024) |
| 07/12/2024 | 81 | MINUTE entry before the Honorable Young B. Kim: On December 13, 2023, Plaintiff filed a motion to approve settlement and to approve distribution of funds 60. The court granted the motion in part on January 30, 2024, to the extent that the court approved the total settlement amount of $1,500,000 and the total fees and costs in the amount of $616,602.78 as fair and reasonable, but entered and continued the remainder of the motion. (R. 66.) Having completed the dependency hearing and considered the evidence, the court now grants the motion to approve distribution of funds 60 in part to the extent that from the settlement funds remaining, Dominic Wilson is entitled to $2,000, Robert Marion is entitled to $2,500, Adair Joyner is entitled to $87,889.72, and Joanna Wilson is entitled to $791,007.50. Enter Memorandum Opinion and Order. The Estate is ordered to distribute the following sums to the following individuals forthwith: (1) $2,000 to Joanna Wilson for the benefit of minor Dominic Wilson; (2) $2,500 to Robert Marion; and (3) $584,431.48 to Joanna Wilson. The Estate is ordered to withhold $294,465.74, which is the sum to which Joyner claims he is entitled, until further order of the court. Joanna Wilson and Joyner have 30 calendar days from today, or August 12, 2024, to file their notice of appeal with the Seventh Circuit Court of Appeals if they wish to challenge the court's ruling on the apportionment of the settlement funds. If they do not wish to challenge the court's ruling, they may file their waivers in writing with the court and the court will direct the Estate to release the remaining funds ($87,889.72 to Joyner and $206,576.02 to Joanna Wilson) as soon as possible and not wait until August 13, 2024, provided that neither party appeals. If either party timely files a notice of appeal, the court will direct the Estate to withhold the remaining funds until the Seventh Circuit rules on the appeal. A copy of this order and the Memorandum Opinion and Order have been emailed to Joyner. Mailed notice (ec) (Entered: 07/12/2024) |
| 07/12/2024 | 82 | MEMORANDUM Opinion and Order. Signed by the Honorable Young B. Kim on 7/12/2024. Mailed notice (ec) (Entered: 07/12/2024) |
| 07/12/2024 | | MAILED and emailed docket entries # 81 and # 82 to Adair Joyner at address 1728 Harbor Avenue, Calumet City, IL 60409 and emailed to joyneradair47@gmail.com. (ec) (Entered: 07/12/2024) |
| 07/12/2024 | 83 | WAIVER by Joanna Wilson. (ec) (Entered: 07/15/2024) |
| 07/19/2024 | 84 | MOTION for a retrial by Plaintiff Joanna Wilson. (Received at the Intake Counter on 7/19/24.)<br><br>(ph, ) (Entered: 07/20/2024) |
| 07/20/2024 | 85 | MINUTE entry before the Honorable Young B. Kim: On the court's docket, Document No. 84 appears as "Motion for a retrial by Plaintiff Joanna Wilson." (R. 84.) However, the document is filed by Claimant Adair Joyner and he seeks "a retrial because [he says] the decision was not fair." (R. 84 at 1.) The motion for a rehearing 84 is denied because Joyner fails to state any basis for a rehearing. That said, Joyner still has his right to file a notice of appeal with the Seventh Circuit Court of Appeals by August 12, 2024, and appeal this court's decision. Mailed notice (Kim, Young) (Entered: 07/20/2024) |
| 07/22/2024 | | MAILED and emailed docket entry # 85 to Adair Joyner at address 1728 Harbor Avenue, Calumet City, IL 60409 and emailed to joyneradair47@gmail.com. (ec) |

| | | |
|---|---|---|
| | | (Entered: 07/22/2024) |
| 07/23/2024 | 86 | NOTICE of appeal by Adair Joyner regarding orders 81 , 82 , 85 . (Received at the Intake Counter on 07/23/2024.) (daj, ) (Entered: 07/23/2024) |